FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MYLA KURTZ, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>REGIONALCARE HOSPITAL PARTNERS, INC., d/b/a RCC Healthcare Partners; RCCH TRIOS HEALTH, LLC; and RCCH TRIOS PHYSICIANS, LLC;<br><br>   Defendants. | NO: 4:19-CV-5049-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT, without oral argument, is a Partial Motion to Dismiss, ECF No. 83, from Defendants RegionalCare Hospital Partners, Inc. d/b/a RCC Healthcare Partners, et al. Having reviewed Defendants' Motion and supporting declaration and exhibit, ECF Nos. 83, 83-1, and 83-2; Plaintiff Myla Kurtz's Response, ECF No. 93; and Defendants' reply and supporting exhibits,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS ~ 1

ECF Nos. 95, 95-1, 95-2, and 95-3; the remaining docket; and the relevant law; the Court is fully informed.

## BACKGROUND

Plaintiff Myla Kurtz brings this putative nationwide Fair Labor Standards Act ("FLSA") collective action and Washington-wide putative Rule 23 class action alleging that Defendants did not pay non-exempt patient care workers for missed meal breaks and work performed off-the-clock in violation of the FLSA and Washington state law. *See* ECF No. 1 at 3–6, 10–11. Ms. Kurtz is an Oregon resident and a nurse who formerly worked as a non-exempt employee at Trios Southridge Hospital in Kennewick, Washington, from July 1999 until November 2018. *See id.* at 6, 10.

Defendant RegionalCare Hospital Partners is a Delaware limited liability company with its principal place of business in Tennessee. ECF No. 83-1 at 2. Defendants RCCH Trios Health, LLC ("Trios Health") and RCCH Trios Physicians, LLC ("Trios Physicians") are Delaware limited liability companies with their principal places of business in Washington. ECF Nos. 1 at 7; 83 at 9. Plaintiff's Complaint alleges that both Trio Health and Trios Physicians are "subsidiaries or affiliates" of RegionalCare Hospital Partners. ECF No. 1 at 7. However, Defendants assert that Plaintiff's prior employer, Trios Southridge Hospital, is owned by Trios Health, and neither RegionalCare Hospital Partners nor Trios Physicians was Plaintiff's employer. *See* ECF Nos. 83-1 at 5; 83-2 at 2.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS ~ 2

Plaintiff's Complaint alleges a putative nationwide FLSA collective composed of herself and similarly situated non-exempt healthcare workers "who are or have been employed by Defendants as nursing staff, nurse aids, nurse assistants, and other similar hourly and non-exempt employees in the United States [who] have been subject to an automatic time deduction by Defendants within the three years preceding the filing of this Complaint[.]" ECF No. 1 at 6; *see also id.* at 16 (defining proposed collective as certain of Defendants' employees nationwide."). Prior to Defendants' Partial Motion to Dismiss, Plaintiff filed Notices of Consent on behalf of 59 current and former individuals who were employed at healthcare facilities in Washington, Alabama, Arizona, Arkansas, Idaho, Iowa, Montana, Oklahoma, Ohio, Oregon, South Carolina, and Texas. ECF Nos. 3, 50–64, 66–69, and 72–76. Defendants concede that eight of the individuals named in the opt-in Notices of Consent were filed by individuals whose claims arise out of their employment in Washington at Trios Southridge Hospital/Trios Women's and Children's Hospital, Lourdes Health, and Capital Medical Center. ECF No. 83 at 4. The remaining approximately 51 Notices of Consent are from non-Washington residents whose opt-in claims allegedly arose during their employment with fifteen hospital systems located in eleven states outside of Washington. *See id.* Defendants have provided two declarations from the same person in support of their contention that the healthcare employers of the non-Washington opt-in members are separate and distinct legal entities from the Defendants in this case. ECF Nos. 83-1 and 95-1.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS ~ 3

After Plaintiff first filed Notices of Consent from non-Washington opt-in putative collective members, Defendants filed a Motion for Leave to Amend Answers to add a personal jurisdiction defense as to claims brought by the non-Washington opt-in members. ECF Nos. 50–64, 65. The Court granted Defendants' Motion for Leave to Amend, and Defendants filed their Amended Answers. ECF Nos. 79, 84–86. Plaintiff subsequently filed a Motion for Conditional Certification of the FLSA collective, including opt-in members whose claims arose from non-Washington hospitals, which the Court will resolve by separate order. *See* ECF No. 80. Nearly contemporaneously, Defendants filed the instant Partial Motion to Dismiss for lack of personal jurisdiction. ECF No. 83.

## LEGAL STANDARD

Defendants move to dismiss the claims of any non-Washington opt-in putative collective members and all claims against Defendant RegionalCare Hospital Partners for lack of personal jurisdiction. ECF No. 83 at 2.

The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Prima facie evidence of personal jurisdiction is sufficient. *Id.* To exercise personal jurisdiction over a nonresident defendant, a court must find that the requirements of both the forum state's long-arm statute and federal due process are satisfied. *Chan v. Society Expeditions*, 39 F.3d 1398, 1404–05 (9th Cir. 1994). As Washington's long-arm statute extends personal jurisdiction to the limits of

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS ~ 4

federal due process, the jurisdictional analysis under state law and federal due process are the same. *See Schwarzenegger*, 374 F.3d at 800.

Personal jurisdiction can be general or specific, depending on the nature and extent of the defendant's contacts with the forum state. *Goodyear*, 564 U.S. at 919. "General" or "all-purpose" jurisdiction "permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza v. Nike*, 793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation omitted). For limited liability companies, courts are guided by personal jurisdiction jurisprudence concerning corporations. *See Athena Cosmetics v. United States Warehouse*, No. CV 19-8466-MWF (MRW), 2020 U.S. Dist. LEXIS 73797, at *15 (C.D. Cal. Mar. 5, 2020).

To warrant the exercise of general jurisdiction, a corporation's "affiliations" with the forum state must be "so continuous and systematic as to render [it] essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (internal quotation omitted). Alternatively, a court may exercise "specific," or case-based, jurisdiction when the "suit arises out of or relates to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 119 (internal quotation omitted).

Specific jurisdiction requires a nonresident defendant to have certain "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*,

326 U.S. 310, 316 (1945).  To assert specific jurisdiction over a non-consenting foreign defendant, the defendant must: (1) "purposefully direct [its] activities" toward the forum or "purposefully avail" itself of the "privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802.  If the plaintiff satisfies the first two prongs, the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would not be reasonable.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017).

## DISCUSSION

Defendants argue that personal jurisdiction over RegionalCare Hospital Partners is lacking in this case because that entity "has no purposeful contact with Washington whatsoever." ECF No. 83 at 7.  Defendants further assert that the United States Supreme Court's ruling in *Bristol-Myers Squibb v. Superior Ct. of Cal.*, 137 S. Ct. 1773 (2017), applies to FLSA collective actions and instructs that specific personal jurisdiction does not apply to claims from non-Washington opt-in members who lack a sufficient connection to Washington.  *Id.* at 10–12.

***Waiver***

As an initial matter, Plaintiff maintains that Defendants have consented to personal jurisdiction in this Court by not raising the issue in their initial Answers. ECF No. 93 at 6.

A party "waives any defense" under 12(b)(2) by "omitting it from a motion in the circumstances described in Rule 12(g)(2)[.]" Fed. R. Civ. P. 12(h)(1)(A). Rule 12(g), in turn, provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

The instant motion is Defendants' first motion under Rule 12(b), and Defendants previously obtained leave of the Court to amend their answers to add objections to personal jurisdiction, after the Notices of Consent from non-Washington opt-ins were filed. ECF Nos. 65, 79. Plaintiff asserts that all Defendants waived any personal jurisdiction defense when they did not raise the defense in their initial answers in May 2019. ECF No. 93 at 6. Plaintiff adds that the personal jurisdiction defense has been available to Defendants throughout this litigation because *Bristol-Myers* was decided "more than two years before Defendants filed their answers." *Id*.

This Court already addressed the issue of waiver in resolving Defendants' Motion for Leave to Amend their Answers and found that Defendants did not waive personal jurisdiction as a defense before any Rule 12 motion had been filed and

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
PARTIAL MOTION TO DISMISS ~ 7

before Plaintiff moved for conditional certification.  ECF No. 79 at 6–8.  Plaintiff's only argument as to how the personal jurisdiction defense was "available" to Defendants earlier in this litigation is that the *Bristol-Myers* decision was issued by the Supreme Court in 2017, while Defendants first answered Plaintiff's Complaint in 2019.  *See* ECF No. 93 at 5 n. 3.  However, as Defendants have argued, and the Court previously noted, there were no foreign plaintiffs, or opt-in putative collective members, at the time that Defendants first answered Plaintiff's Complaint.  ECF No. 79 at 7.  The Court again finds that Defendants did not waive their objection to personal jurisdiction.

### *Defendant RegionalCare Hospital Partners*

Defendants argue that the Complaint makes no allegations supporting that Defendant RegionalCare Hospital Partners is subject to general personal jurisdiction in Washington, as Defendant RegionalCare Hospital Partners is a Delaware corporation with its principal place of business in Tennessee.  ECF No. 83 at 7.  There is no evidence in the record from which the Court could find any substantial or continuous or systematic contact with Washington state.  Defendants further argue that this Court lacks specific jurisdiction over RegionalCare Hospital Partners on the basis that the entity has no relation to any of the wage claims asserted in Washington, and this Court lacks jurisdiction over the non-Washington claims.  *Id.* at 8.

Plaintiff responds that, even if the Court finds no waiver, RegionalCare Hospital Partners is subject to personal jurisdiction in Washington because it employs workers here, and that relationship gave rise to the claims at issue in this case. ECF No. 93 at 3.

With respect to whether Defendant RegionalCare Hospital Partners employs people in Washington and whether that employment forms the basis for claims by Plaintiff and/or opt-in FLSA collective members in this case, Plaintiff asserts that Plaintiff and many of the opt-in members "understood" RegionalCare Hospital Partners to be their employer. ECF No. 93 at 3–4. Plaintiff also asserts that RegionalCare Hospital Partners "implements a mandatory and system-wide 'Code of Conduct' across all of the hospitals managed or operated by [RegionalCare Hospital Partners] (including several within Washington)" and that this Code of Conduct "underlies, at least in part, the FLSA violations alleged by Plaintiff and the entire putative Collective members around the country" because it requires employees "to remain on-duty at all times during their shift, including during unpaid meal periods." *Id.* at 4.

On these bases, Plaintiff asserts, nonresident Defendant RegionalCare Hospital Partners is subject to specific jurisdiction in this action. ECF No. 93 at 14–16 (arguing that RegionalCare Hospital Partners has purposefully availed itself of the privilege of conducting activities in Washington state "by employing Plaintiff and thousands of workers in the state, and by implementing a Code of Conduct that

gives rise to FLSA violations on a systematic basis across all of RCCH's hospitals in the State."). Plaintiff cites to materials that she submitted with her Motion for Conditional Certification, including declarations from Plaintiff and opt-in members of the putative FLSA collective indicating their belief or understanding that "RCCH" was their employer. *Id.* at 19 (citing ECF Nos. 80-12–80-25). In addition, Plaintiff relies on a letter from the Washington State Department of Health reciting that "RegionalCare Hospital Partners Holdings, Inc. (d/b/a RCCH HealthCare Partners" owns Capital Medical Center in Olympia, Washington, through a subsidiary and also received approval to acquire Trios Health in Kennewick. *See* ECF Nos. 93 at 19; 80-4 at 5. Plaintiff also cites to a news article dated August 3, 2018, that recited, "The [Trios Health] hospital will be operated by RCCH-UW Medicine Healthcare Holdings, LLC as a joint venture formed between RCCH HealthCare Partners and UW Medicine." ECF No. 80-5 at 2.

Defendants respond that Plaintiff has provided no support that RegionalCare Hospital Partners is in the ownership structure of Trios Health or Trios Physicians, or any of the eighteen hospitals at which Plaintiff and the opt-in members were or are employed. ECF No. 95 at 6–10. Defendants direct the Court to the initial and Amended Answers filed by RegionalCare Hospital Partners, denying that it is an employer under the FLSA or that other Defendants in this matter are its subsidiaries or affiliates. *Id.* at 8 (citing ECF Nos. 21 and 85). Defendants further attach discovery responses objecting to Plaintiff's discovery requests on the grounds that

RegionalCare Hospital Partners is not a proper party to this action and swearing that RegionalCare Hospital Partners did not employ Plaintiff or any hourly, non-exempt employees similarly situated to her. *Id.* (citing ECF No. 95-2). Defendants also submit a declaration and a supplemental declaration from Kathy Teague, an "Assistant Vice President, Corporate Governance and Assistant Corporate Secretary of LifePoint Health, Inc." who is "familiar with the organizational structure of LifePoint and its Subsidiaries."[1] ECF No. 83-1. Ms. Teague explains that Defendant RegionalCare Hospital Partners is a distinct entity from RegionalCare Hospital Partners Holdings, Inc., which is not a defendant. ECF No. 95-1 at 3. She continues in her supplemental declaration:

> As I noted in my first declaration, RegionalCare Hospital Partners, Inc. was a Delaware corporation that converted to a Delaware limited liability company effective December 13, 2019, and is now known as RegionalCare Hospital Partners, LLC. RegionalCare Hospital Partners, Inc. was previously the employing entity for certain Tennessee-based employees of RegionalCare Hospital Partners Holdings, Inc. and its subsidiaries. Neither RegionalCare Hospital Partners, Inc., nor RegionalCare Hospital Partners, LLC, ever employed individuals in the state of Washington and their principal place of business and main business location has at all times been in Brentwood, Tennessee. Neither RegionalCare Hospital Partners, Inc. nor RegionalCare Hospital Partners, LLC have ever had a "d/b/a" or other assumed name.

*Id.*

---

[1] Ms. Teague's declaration indicates that RegionalCare Hospital Partners Holdings, Inc. changed its name to Lifepoint Health, Inc. effective November 16, 2018. ECF No. 95-1 at 3.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS ~ 11

There is no assertion by Plaintiff that RegionalCare Hospital Partners is subject to general jurisdiction in this action; rather, specific jurisdiction is at issue. Toward that end, Plaintiff has not come forward with support for her assertion that RegionalCare Hospital Partners, and not a different entity, has availed itself of the "privileges of conducting activities in the forum." *See Dole Food*, 303 F.3d at 1111. Plaintiff's support amounts to the understandings of Plaintiff and opt-in members that RegionalCare Hospital Partners was or is their employer, and documents that refer to RegionalCare Hospital Partners Holdings, Inc., rather than RegionalCare Hospital Partners. ECF Nos. 80-4, 80-5, and 80-12–80-25.

Defendants rebut Plaintiff's assertions of the relationship between RegionalCare Hospital Partners and the entities that employed Plaintiff and the opt-in members with declarations and citations to the record supporting that RegionalCare Hospital Partners is not in the ownership structure of co-Defendants Trio Health and Trios Physicians, but, rather, is a separate entity from the entity discussed by Plaintiff, RegionalCare Hospital Partners Holdings, Inc. (d/b/a RCCH HealthCare Partners). ECF No. 95-1 at 3. Defendants further offer a declaration to support that RegionalCare Hospital Partners has not done business under another name. *Id.*; *see also Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 949 (N.D. Cal. 2015) ("A trial court may rule on the issue of personal jurisdiction by 'relying on affidavits and discovery materials without holding an evidentiary

hearing'") (quoting *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986)).

Plaintiff has not shown that her claims or the claims of any opt-in putative collective member are connected to any activities by RegionalCare Hospital Partners in Washington, and the Court finds no basis to exercise personal jurisdiction over RegionalCare Hospital Partners in this case. Accordingly, the Court grants Defendants' Partial Motion to Dismiss with respect to dismissing RegionalCare Hospital Partners as a Defendant.

### *Non-Washington FLSA Opt-In Members*

Defendants move to dismiss claims from opt-in putative collective members that did not arise in Washington or result from Defendants' presence in the state. ECF Nos. 83 at 9; 95 at 10–11. Defendants acknowledge that the Court has general jurisdiction over Trios Physicians and Trios Health, but argues that "'unconnected activities'" by Trios Physicians and Trios Health in Washington do not give rise to personal jurisdiction over the non-Washington claims arising in 11 different states that have been brought against them here." ECF No. 83 at 11 (quoting *Bristol-Myers*, 137 S. Ct. at 1781 ("'What is needed—and what is missing here—is a connection between the forum and the [opt-ins'] specific claims at issue.'")). Defendants further argue that any request by Plaintiff to amend the Complaint to add other nonresident entities as defendants should be denied on the basis of futility. ECF No. 83 at 13.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS ~ 13

Plaintiff responds that the majority of district courts in the Ninth Circuit and nationwide have declined to apply *Bristol-Myers* to FLSA collective actions. ECF No. 93 at 7–8. Plaintiff proceeds to distinguish district court decisions applying *Bristol-Myers* to FLSA collective actions to find a lack of personal jurisdiction over nonresident opt-in members' claims. *Id.* at 11–12. While Plaintiff argues that *Bristol-Myers* does not deprive this Court of personal jurisdiction with respect to nonresident opt-in members' claims against RegionalCare Hospital Partners, Plaintiff is silent as to opt-in members' claims against Defendants Trios Physicians and Trios Health. *See* ECF No. 93 at 7–18. Plaintiff does not request to amend her complaint to add other nonresident defendants. *See id.*

The Supreme Court in *Bristol-Myers* held that a California state court could not exercise specific personal jurisdiction over claims brought by out-of-state plaintiffs in a mass tort action. 137 S. Ct. at 1780. The Supreme Court explained that "settled principles regarding specific jurisdiction" preclude state courts from exercising jurisdiction over a nonresident defendant with respect to harm that allegedly occurred outside of the forum state. *Id.* at 1782. The Supreme Court left open the question of "whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1784.

As this Court recognized in granting Defendants' Motion for Leave to Amend their Answers, the question of whether *Bristol-Myers* applies to FLSA collective questions has been the subject of a district court split, including within the Ninth

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
PARTIAL MOTION TO DISMISS ~ 14

Circuit. *See* ECF No. 79 at 8 (collecting cases); *see also Parker v. IAS Logistics DFW, LLC*, 2021 U.S. Dist. LEXIS 9499, at *5 (N.D. Ill. 2021) (recognizing a nationwide district-court split" and a lack of controlling appellate authority).

Since briefing of Defendants' Partial Motion to Dismiss completed, the Sixth Circuit Court of Appeals became the first Circuit to decide the question of the application of the *Bristol-Myers* precedent to an FLSA collective action. On August 17, 2021, the Sixth Circuit held that a federal court lacked specific jurisdiction over a defendant with respect to nonresident opt-in members of a putative FLSA collective who were alleging that they were harmed by the defendant outside of the forum state in which the federal court was located. *Canaday v. Anthem Companies, Inc.*, ___ F.4th ___, 2021 U.S. App. LEXIS 24523, 2021 WL 3629916 (6th Cir. Aug. 17, 2021). The Court also notes that on August 14, 2021, another district court in the Ninth Circuit found that *Bristol-Myers* applies to FLSA collective actions and precluded that court's exercise of personal jurisdiction to reach claims of nonresident opt-in members without any link between the alleged conduct by defendant and Washington. *Carlson v. United Nat. Foods, Inc.*, No. C20-5476-JCC, 2021 U.S. Dist. LEXIS 154079 (W.D. Wash. Aug. 14, 2021).

*Canaday* also supports dismissal of Defendant RegionalCare Hospital Partners because nothing in the record suggests that the claims of non-Washington residents whose opt-in claims allegedly arose during their employment outside of Washington have sufficient connection to this forum to support specific jurisdiction for

RegionalCare Hospital Partners here. *See Canaday*, 2021 U.S. App. LEXIS, at *10 ("Where, as here, nonresident plaintiffs opt into a putative collective action under the FLSA, a court may not exercise specific personal jurisdiction over claims unrelated to the defendant's conduct in the forum State.").

With respect to remaining Defendants Trios Health or Trios Physicians, Defendants concede that this Court has general jurisdiction over these Washington-domiciled entities. *See* ECF No. 83 at 9. The caselaw upon which Defendants rely in seeking to dismiss non-Washington opt-in members' claims addresses specific jurisdiction over nonresident defendants. *See Bristol-Myers*, 137 S. Ct. at 1781–82; *McNutt v. Swift Transp. Co. of Ariz., LLC*, 2020 U.S. Dist. LEXIS 119909, *24–25 (W. D. Wash. July 7, 2020); *see also Canaday*, 2021 U.S. App. LEXIS 24523, at *8; *Carlson*, 2021 U.S. Dist. LEXIS 154079, at *8. As Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(2), the Court does not find a basis to grant relief with respect to claims against Defendants Trios Health or Trios Physicians, which are subject to general jurisdiction. Therefore, the Court denies Defendants' Partial Motion to Dismiss for lack of personal jurisdiction with respect to any claims against Defendants Trios Health or Trios Physicians.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Partial Motion to Dismiss, **ECF No. 83**, is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

2. RegionalCare Hospital Partners is **dismissed without prejudice** as a Defendant in this matter. *See, e.g., Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 486 F. Supp. 3d 1353, 1362 (N.D. Cal. 2020) (granting a motion to dismiss for lack of personal jurisdiction while noting that the "dismissal is without prejudice to [plaintiff's] ability to pursue its claims in any other district where personal jurisdiction lies").

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 9, 2021.

                                       *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                     United States District Judge