FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MYLA KURTZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RCCH TRIOS HEALTH, LLC; and RCCH TRIOS PHYSICIANS, LLC;<br><br>Defendants. | NO: 4:19-CV-5049-RMP<br><br>ORDER DENYING AS MOOT IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT, without oral argument, is a Motion for Protective Order by Defendant RCCH Trios Health, LLC ("Trios Health") and former Defendant RegionalCare Hospital Partners, Inc. ("RegionalCare Hospital Partners"), ECF No. 105. The Court has reviewed the parties' submissions with respect to the Motion, the remaining docket, the relevant law, and is fully informed. *See* ECF Nos. 105, 105-1–105-4, 106, and 107.

Defendants seek to limit the scope of Plaintiff's deposition of Trios Health's Fed. R. Civ. P. 30(b)(6) corporate representative to Trios Health's corporate

ORDER DENYING AS MOOT IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 1

structure and relevant timekeeping and compensation policies, practices, and procedures at both the Trios and Lourdes Health facilities in Washington State. ECF No. 105 at 11. Trios Health seeks to exclude questions "concerning the disparate policies, practices, and procedures at 18 different facilities and the entire employment experiences of their thousands of employees." *Id.*

District courts may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Although Defendants did not move to expedite hearing of their Motion for Protective Order, the deposition that the protective order sought to limit in scope was scheduled to occur nine days before the hearing date for the Motion for Protective Order. *See* ECF No. 107 at 1–2. It is unclear whether that deposition occurred or was rescheduled, but the Court considers the motion as continuing to be relevant.

Since the hearing date on the Motion for Protective Order, this Court dismissed for lack of personal jurisdiction Defendant RegionalCare Hospital Partners and determined that the Court cannot exercise personal jurisdiction to reach claims of opt-in proposed Fair Labor Standards Act ("FLSA") collective members who worked at the healthcare facilities outside of Washington. ECF No. 110. The Court also conditionally certified an FLSA collective that includes only the current or former employees of remaining Defendants Trios Health and RCCH Trios Physicians, LLC ("Trios Physicians"). ECF No. 112. Therefore, the non-

Washington hospitals about which Plaintiff sought to question Defendants' Rule 30(b)(6) deponent are no longer relevant to the questions remaining in this case, and the Court finds good cause to issue a protective order limiting the scope of discovery to the surviving issues.

As a result of the Court's dismissal of RegionalCare Hospital Partners as a party in this matter, the relief sought by that former defendant is denied as moot. However, the Court grants a protective order precluding Plaintiffs from asking Rule 30(b)(6) designees for remaining Defendants Trios Health and Trios Physicians about: (1) policies and practices that do not apply to Defendants' employees; and (2) policies and practices in effect outside of the relevant time period of April 3, 2016, until the final resolution of this action, as defined by the Order partially granting conditional certification. *See* ECF No. 112 at 18.

Accordingly, Defendants' Motion for Protective Order, **ECF No. 105**, is **DENIED AS MOOT IN PART and GRANTED IN PART** as set forth above.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 22, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge