Carolyn H. Cottrell (*Pro Hac Vice*)
California Bar No. 166977
Ori Edelstein (*Pro Hac Vice*)
California Bar No. 268145
Eugene Zinovyev (*Pro Hac Vice*)
California Bar No. 267245
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com
*Lead Attorneys for Plaintiff*

Beth E. Terrell
Washington Bar No. 26759
Toby J. Marshall
Washington Bar No. 32726
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Tel: (206) 816-6603
Fax: (206) 319-5450
bterrell@terrellmarshall.com
tmarshall@terrellmarshall.com
*Local Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| MYLA KURTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RCCH TRIOS HEALTH, LLC; RCCH TRIOS PHYSICIANS, LLC; COLUMBIA CAPITAL MEDICAL CENTER, L.P.; and LOURDES HOSPITAL, LLC,<br><br>Defendants. | Case No. 4:19-cv-5049-MKD<br><br>**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Date: December 1, 2023<br>Time: 10:00 am<br>Dept: Richland Courtroom 189<br>(in person and/or video)<br><br>With Oral Argument |

Plaintiff's Motion for Preliminary Approval of
Class and Collective Action Settlement
– Page 1
Case No. 4:19-cv-5049-MKD

1

2

## **MEMORANDUM**

## I.    SUMMARY OF MOTION AND INTRODUCTION

3

4

Plaintiff Myla Kurtz, individually and on behalf of all others similarly situated

5

("Plaintiff"), hereby moves for preliminary approval of the Class and Collective Action

6

Settlement Agreement ("Settlement"), with Defendants RCCH Trios Health, LLC;

7

RCCH Trios Physicians, LLC; Columbia Capital Medical Center, L.P.; and Lourdes

8

Hospital, LLC (collectively "Defendants"), attached as **Exhibit 1** to the accompanying

9

Declaration of Carolyn H. Cottrell. Defendants do not oppose this Motion. The

10

Settlement resolves all of the claims in this action on a class and collective basis. As

11

such, Plaintiff moves for an Order:

12

1.    Granting preliminary approval of the Settlement;

13

2.    Conditionally certifying the Class for settlement purposes only;

14

3.    Approving the proposed schedule and procedure for completing the final

15

process for the Settlement, including the Final Approval Hearing;

16

4.    Approving the Class Notice, attached as **Exhibit A** to the Settlement;

17

5.    Preliminarily appointing and approving Schneider Wallace Cottrell Konecky

18

LLP ("SWCK") and Terrell Marshall Law Group PLLC ("TMLG") as Class

19

Counsel;

20

6.    Preliminarily approving Class Counsel's request for attorneys' fees and costs;

21

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

7. Preliminarily appointing and approving Plaintiff Myla Kurtz as Class Representative;

8. Preliminarily approving Plaintiff's request for a Service Payment;

9. Preliminarily appointing and approving Phoenix as Settlement Administrator;

10. Preliminarily approving Plaintiff's request for settlement administration costs; and

11. Authorizing the Settlement Administrator to mail and email (if available) the approved Class Notice to the Class and Collective.

Plaintiff brings this Motion under Rule 23(e) and long-established precedent requiring court approval for Fair Labor Standards Act ("FLSA") settlements. This Motion is based on the following Memorandum, the Declaration of Carolyn H. Cottrell, and all other records, pleadings, and papers on file in the action and such other evidence or argument as may be presented to the Court at the hearing on this Motion. Plaintiff also submits a Proposed Order Granting Preliminary Approval of Class and Collective Action Settlement with the moving papers.

After four and a half years of litigation, including two mediations and exhaustive negotiations over the scope and terms of settlement, the parties have reached a global settlement of the Action, memorialized in the proposed Settlement Agreement. Plaintiff seeks preliminary approval of the Settlement.

This Class and Collective action (the "Action") is brought by Plaintiff Myla Kurtz, on behalf of herself and approximately 2,151 current and former hourly, non-exempt

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

patient care workers employed by Defendants RCCH Trios Health, LLC; RCCH Trios Physicians, LLC; Columbia Capital Medical Center, LP; and Lourdes Hospital, LLC ("Defendants"). The Action is based on Defendants' alleged violations of Federal and Washington labor laws due to systematically and improperly failing to pay its patient care workers for all hours worked, including during on-duty unpaid meal breaks and for pre- and post-shift off-the-clock work.

The parties have resolved the claims of approximately 2,151 putative Class Members and 314 opt-in Collective Members, for a total settlement of $4,400,000.00. With this proposed Settlement, the parties are resolving numerous wage and hour claims unlikely to have been prosecuted as individual actions. The Settlement provides an excellent benefit to the Class, and an efficient outcome in the face of protracted litigation. The Settlement is fair, reasonable, and adequate in all respects, and Plaintiff respectfully requests the Court grant the requested approvals.

## II.    FACTUAL BACKGROUND

Plaintiff worked for Defendants at the Trios Southridge Hospital in Kennewick, Washington from approximately July 1999 to November 2018 as a non-exempt nurse. (Dkt. 154, First Amended Complaint ¶ 33.) Defendants own and operate a network of general acute care hospitals and other related health care organizations throughout the United States, including Trios Southridge Hospital/Trios Women's and Children's Hospital in Kennewick, Washington; Lourdes Health in Pasco, Washington; and Capital Medical Center in Olympia, Washington. (*Id.*, ¶28). Plaintiff and the Class

Plaintiff's Motion for Preliminary Approval of Settlement – Page 3
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1    Members work for Defendants as hourly-paid, non-exempt employees with direct

2    patient care responsibilities, including nurses, aides, technicians, and the like. (*Id.*, ¶ 1).

3        Plaintiff and Class Members allege that they were denied duty-free and

4    uninterrupted meal breaks. (*Id.*, ¶ 31). In particular, they were required to remain on-

5    call during their off-duty meal breaks and otherwise perform work while on break. (*Id.*)

6    Further, Defendants automatically deducted a 30-minute unpaid meal break from

7    patient care employees, even in circumstances where a worker had their meal break

8    interrupted or cut short. (*Id* ¶ 45.)

9        Defendants have at all times denied, and continue to deny, these allegations, and

10    deny any and all liability for Plaintiff's claims. (Declaration of Carolyn H. Cottrell in

11    Support of Plaintiff's Motion for Preliminary Approval of Settlement ("Cottrell Decl."),

12    submitted herewith, ¶ 10; Settlement, ¶ II.D).

13    **III.   PROCEDURAL HISTORY**

14        **A.    Plaintiff's Complaint**

15        Plaintiff filed this lawsuit against Defendants on April 6, 2019, and amended her

16    complaint on May 16, 2022. Plaintiff brought claims for: (1) failure to pay overtime in

17    violation of the Fair Labor Standards Act ("FLSA"), 29 USC §§ 207, 255(a); (2) failure

18    to pay overtime in violation of Revised Code of Washington ("RCW") 49.46.130; (3)

19    failure to provide meal and rest breaks in violation of RCW 49.12.020 and Washington

20    Administrative Code ("WAC") 296-126-092; (4) failure to pay minimum wage in

21    violation of RCW 49.46.090; (5) failure to pay wages owed at termination in violation

Plaintiff's Motion for Preliminary Approval of Settlement
– Page 4
Case No. 4:19-cv-5049-MKD

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1    of RCW 49.48.010; (6) willful refusal to pay wages in violation of RCW 49.52.050;

2    and (7) violations of Washington Consumer Protection Act, RCW 19.86.

3        On May 24, 2019, Defendants RCCH Trios Health, LLC; Regional Care Hospital

4    Partners, Inc.; and RCCH Trios Physicians, LLC answered with affirmative defenses,

5    and on February 2, 2021, filed amended answers. Defendants RCCH Trios Health, LLC

6    and RCCH Trios Physicians, LLC filed an answer with affirmative defenses to

7    Plaintiff's amended complaint on May 27, 2022, and Defendant Columbia Capital

8    Medical Center LP filed an answer to Plaintiff's amended complaint on June 27, 2022.

9        **B.    Collective Notice**

10        On September 17, 2021, the Court entered an Order granting Plaintiff's Motion

11    for Conditional Certification and to Facilitate Notice of Collective Action, which

12    conditionally certified a putative Collective. (Cottrell Decl., ¶ 11). After further meet

13    and confer efforts, the parties agreed to and filed a stipulated collective notice plan,

14    which was approved by the Court on March 14, 2023. (*Id.*) On April 25, 2023, notice

15    was sent to the Collective. (*Id.*, ¶ 12). The opt-in period closed on September 6, 2023,

16    and as of that date, 314 individuals who performed work for Defendants during the

17    Collective time period have filed opt-in consent forms. (*Id.*, ¶ 13).

18        **C.    Discovery**

19        In anticipation of mediation, the parties conducted extensive formal and informal

20    discovery, including an analysis of payroll and timekeeping data, as well as interviews

21

Plaintiff's Motion for Preliminary Approval of Settlement
– Page 5
Case No. 4:19-cv-5049-MKD

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1  with over 100 Class Members, which covered topics including dates of work, hours of

2  work, pre- and post-shift off-the-clock work, and meal and rest breaks. (*Id.*, ¶ 14).

3      On June 28, 2021, Plaintiff took the deposition of RCCH Healthcare Partners'

4  30(b)(6) corporate representative. (*Id.*, ¶ 15). Plaintiff also deposed the following

5  managers of Defendants: Christina Mendoza (November 18, 2021), Dena Putnam-

6  Gilchrist (January 14, 2022), and Brandy McNeil (February 8, 2022). (*Id.*).

7      Plaintiff served three sets of document requests on RCCH Trios Physicians, three

8  sets of documents requests on RCCH Trios Health, two sets of interrogatories on RCCH

9  Trios Physicians, and two sets of interrogatories on RCCH Trios Health, to which

10  Defendants responded. (*Id.*, ¶ 16).

11      Defendants RCCH Trios Health and RCCH Trios Physicians served one set of

12  requests for admission, interrogatories, and document requests on four Opt-In Plaintiffs,

13  to which Opt-In Plaintiffs objected and responded. (*Id.*, ¶ 17). Defendant RCCH Trios

14  Health served one set of interrogatories and one set of document requests on Plaintiff,

15  to which Plaintiff responded. (*Id.*)

16      From documents provided during discovery, Class Counsel determined that: (a)

17  meal break violations occurred at the rate of one per shift assuming that all Class

18  Members were subject to "on-call" meal breaks; (b) rest break violations occurred at

19  the rate of 0.5 per shift; (c) Class and Collective Members' average hourly rate was

20  $38.83; and (d) Class/Collective Members worked a total of 583,752 shifts during the

21  Class Period and 177,648 workweeks during the Class Period. (*Id.*, ¶ 18). Using these

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

datapoints, Class Counsel calculated the total potential exposure if Plaintiff prevailed on all of her claims—inclusive of substantive damages, derivative damages, liquidated damages, and interest—at approximately $45,230,611. (*Id.*, ¶ 19).

### D.    Mediation

On May 10, 2023, and June 8, 2023, the parties participated in two, all-day mediations with Lou Peterson, a respected mediator of wage and hour class actions. (*Id.*, ¶ 20). Concurrently with this matter, Class Counsel also mediated and negotiated a related matter, *Charlene Kelley v. Willamette Valley Medical Center, LLC*, Case No. 3:20-cv-02196-SB (D. Oregon). (*Id.*, ¶ 21). The *Kelley* litigation involves similar claims of wage and hour violations on behalf of patient care workers in Oregon, the same parent corporate entities, and similar wage and hour policies and practices. (*Id.*)

Following the second day of mediation, on June 13, 2023, the parties, represented by their respective counsel, agreed to settle both actions for a global settlement totaling $7,300,000.00. (*Id.*, ¶ 22). The parties allocated the global settlement between the two cases. (*Id.*, ¶ 23). Class Counsel considered various factors in allocating the settlement between the cases including: (1) Oregon's class period of six years versus Washington's class period of three years; (2) the rest break claim alleged here but not in *Kelley;* (3) the greater number of Class Members here than in *Kelley* 2149 versus 770; (4) the number of workweeks implicated in *Kelley* (218,616) and implicated here (177,684) and (5) the total estimated exposure here, $45,230,611, versus $14,618,668.36 in *Kelley*. (*Id.*) Taking these factors into account, Class Counsel allocated $2,900,000.00

Plaintiff's Motion for Preliminary Approval of Settlement – Page 7
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

to *Kelley* and $4,400,000.00 here. (*Id.*) This results in an approximate recovery of $3,766.23 per worker in *Kelley* and $2,047 per worker here. (*Id.*) The lower value of the per worker allocation for this case is primarily driven by the much longer class period available for Oregon claims versus Washington (*Id.*)

Throughout the mediation process, the parties engaged in serious and arm's-length negotiations, culminating in the Settlement. (*Id.*, ¶ 24). After the mediation, counsel worked to finalize the long-form Settlement and corresponding notice documents, subject to Court approval. (*Id.*) The parties executed the Settlement on October 25, 2023. (*Id.*, ¶ 25).

## IV. TERMS OF THE SETTLEMENT

### E. Basic terms and value of the Settlement.

Defendants have agreed to pay a non-reversionary Gross Settlement Amount of $4,400,000.00 to settle the case, plus any employer payroll taxes on the portions of the Settlement Shares allocated to wages, which Defendants will separately pay. (Settlement, ¶ III.A). The Class Net Settlement Fund is defined as the portion of the Gross Settlement Amount after deduction of Court-approved amounts for the Class Representative Service Payment (not more than $15,000.00), Class Counsel Fees Payment (one-third of the Gross Settlement Amount, or $1,466,666.67), Class Counsel Litigation Expenses Payment (not more than $32,000.00), and Settlement Administration Expenses (not to exceed $24,000.00). (Settlement, ¶¶ I.I, III.B).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

The Gross Settlement Amount is a negotiated amount that resulted from substantial arms' length negotiations and significant investigation and analysis by Class Counsel. (Cottrell Decl., ¶ 26). Class Counsel based their damages analysis, which is outlined further in the Declaration of Carolyn H. Cottrell, on formal and informal discovery, including payroll and timekeeping data, four Defendant depositions, as well as interviews with over 100 Class Members across numerous healthcare facilities owned/operated by Defendants. (*Id.*, ¶¶ 26-33).

The negotiated non-reversionary Gross Settlement Amount of $4,400,000.00 represents approximately 9.7% of the $45,230,611.00 that Plaintiff calculated for all claims. (*Id.*, ¶ 34). These figures are based on Plaintiff's assessment of a best-case-scenario. (*Id.*) To have obtained such a result at trial, Plaintiff would have had to prove that all Class Members experienced the violations at the levels described above for every shift and every assignment, and that Defendants acted knowingly or in bad faith. (*Id.*)

Plaintiff and her counsel considered the significant risks of continued litigation, when considering the proposed Settlement. (*Id.*, ¶ 35). These risks were front and center, particularly given the nature of the off-the-clock work, which would be challenging to certify as a class action and/or to prove on the merits, as well as the challenging nature of certifying and proving on the merits the interrupted meal break claims. (*Id.*) In contrast, the Settlement will result in immediate and certain payment to the Class and Collective Members of meaningful amounts. (*Id.*, ¶ 36). These amounts

Plaintiff's Motion for Preliminary Approval of Settlement – Page 9
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

provide significant compensation to the Class and Collective Members, and the Settlement provides an excellent recovery in the face of expansive and uncertain litigation. (*Id.*)

### F.    Class and Collective definitions.

The Class is defined as all current and former hourly, non-exempt employees employed by RCCH Trios Health, LLC; RCCH Trios Physicians, LLC; and Lourdes Hospital, LLC in Washington, from April 3, 2016, through September 6, 2023, and by Columbia Capital Medical Center, LP in Washington, from April 3, 2016, through March 31, 2021, in one or more of the job classifications listed in the Settlement. (Settlement, ¶¶ I.B, I.J).

The FLSA Collective is defined as all current and former hourly, non-exempt employees employed by Defendants in Washington in one or more of the job classifications listed in the Settlement at any time from April 3, 2016, through September 6, 2023 (with respect to RCCH Trios Health, LLC; RCCH Trios Physicians, LLC; and Lourdes Hospital, LLC), or from April 3, 2016, through March 31, 2021 (with respect to Columbia Capital Medical Center, LP), and who filed Consents to Join this Action on or before September 6, 2023. (Settlement, ¶¶ I.R, I.S).

### G.    Allocation and awards.

The Net Settlement Amount to be paid to Participating Class Members will be approximately $2,862,333.33. (Cottrell Decl., ¶ 37). Each Participating Class Member's settlement share will be determined as a *pro rata* share of the Net Settlement Amount

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1   based on the total number of workweeks worked by each Participating Class Member

2   in the relevant time period. (Settlement, ¶ III.C.2) One-fourth of each settlement share

3   is in settlement of wage claims, and three-fourths of each settlement share is in

4   settlement of claims for interest, liquidated damages, exemplary damages, and

5   penalties. (Settlement, ¶ III.C.3). Class Members will be able to object to the Settlement,

6   dispute their workweeks, or request exclusion by submitting a valid request with 30

7   days after the Settlement Administrator mails the Notice. (Settlement, ¶ III.E.3).

8          Settlement Award checks will remain valid for 180 days from the date of their

9   mailing. (Settlement, ¶ III.E.11). If the uncashed Settlement Share checks equal or

10  exceed $50,000.00, the Settlement Administrator will make a second distribution of the

11  uncashed funds on a *pro rata* basis to the Participating Class Members and Opt-In

12  Plaintiffs who previously cashed their checks. (Settlement, ¶ III.E.12). If a check is

13  returned as undeliverable during the second distribution or there are uncashed checks

14  from the second distribution, then half the amount will revert to Working Washington

15  and half the amount will revert to Legal Foundation of Washington as *cy pres*

16  beneficiaries. (Settlement, ¶ III.E.13). If the uncashed Settlement Share checks are less

17  than $50,000.00, half the undistributed amount will revert to Working Washington and

18  half the amount will revert to Legal Foundation of Washington as *cy pres* beneficiaries,

19  and the Participating Class Members and Opt-In Plaintiffs will remain bound by the

20  Settlement. (*Id.*)

21

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

### H.     Scope of release.

As of the Effective Date, Plaintiff and Participating Class Members release Defendants from any claims that were alleged or could have been alleged based on the facts in the Complaint. (Settlement, ¶ III.F.1). The Class release period shall extend from April 6, 2016, through the date of preliminary approval. (*Id.*) As of the Effective Date, Opt-In Plaintiffs release Defendants from all FLSA claims that were alleged or could have been alleged based on the facts in the Complaint. (Settlement, ¶ III.F.2). The Collective release period shall extend from the date that is three years prior to the date a consent form to join this Action was filed, through the date of preliminary approval. (*Id.*) As of the Effective Date, Plaintiff additionally releases Defendant from all claims she has or might have against Defendants. (Settlement, ¶ III.F.3).

### I.     Settlement administration.

The parties have agreed to use Phoenix Settlement Administrators ("Settlement Administrator") to administer the Settlement, for total fees and costs not to exceed $24,00.00. (Cottrell Decl., ¶ 38; Settlement, ¶¶ III.B.3, III.D). The Settlement Administrator is responsible for preparing, printing, and mailing the Class and Collective Notice Packet to all Class Members; creating a website containing key settlement notice documents and information, conducting a National Change of Address search to update Class Member addresses before mailing the Class and Collective Notice Packets; re-mailing Class and Collective Notice Packets that are returned to the Class Member's new address; sending reminders to Class Members;

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1 | setting up a toll-free telephone number to receive calls from Class Members; receiving

2 | and reviewing for validity completed Requests for Exclusion; providing the parties with

3 | weekly status reports about the delivery of Class and Collective Notice Packets and

4 | receipt of completed Requests for Exclusion; calculating Settlement Shares; issuing the

5 | checks to effectuate the payments due under the Settlement; issuing the tax reports

6 | required under the Settlement; and otherwise administering the Settlement pursuant to

7 | the Agreement. (Settlement, ¶ III.D).

## V. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT AS TO THE CLASS AND APPROVAL OF THE SETTLEMENT AS TO THE COLLECTIVE.

A class action may not be settled without Court approval. *See* Fed. R. Civ. P. 23(e). Approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement upon a written motion; (2) dissemination of notice of the settlement to all class members; and (3) a final settlement approval hearing at which objecting class members may be heard, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. Manual for Complex Litigation, *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a proposed settlement is committed to the sound discretion of the court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Rule 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements

Plaintiff's Motion for Preliminary Approval of Settlement – Page 13
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1    for class certification if it has not yet been certified; and (2) that the settlement is fair,

2    reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1020. This

3    class action settlement satisfies the requirements of Rule 23(a) and (b), and it is fair,

4    reasonable, and adequate in accordance with Rule 23(e)(2). (Cottrell Decl., ¶ 40).

5    Accordingly, the Court should preliminarily approve the Settlement as to the Class. (*Id.*)

6         In the FLSA context, Court approval is required for FLSA collective settlements,

7    but the Ninth Circuit has not established the criteria that a district court must consider

8    in determining whether a FLSA settlement warrants approval. *See, e.g., Chetwood v. T-

9    Mobile USA, Inc.,* 2021 U.S. Dist. LEXIS 103593, at *3 (W.D. Wash. June 1, 2021). .

10   Most courts within the Ninth Circuit, however, first consider whether the named

11   plaintiff is "similarly situated" to the putative collective members within the meaning

12   of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established

13   by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

14   1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable

15   resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741, at

16   *4. "If a settlement in an employee FLSA suit does reflect a reasonable compromise

17   over issues . . . that are actually in dispute," the district court may "approve the

18   settlement in order to promote the policy of encouraging settlement of litigation."

19   *Lynn's Food Stores*, 679 F.2d at 1354; *Otey*, 2015 WL 6091741, at *4.

20        As of September 6, 2023, 314 individuals filed their written consent to join this

21   Collective action along with Plaintiff Kurtz. (Cottrell Decl., ¶ 40). The parties agree,

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1  for purposes of settlement, that these individuals are similarly situated under the FLSA.

2  (*Id*.; Settlement, ¶ II.D). Accordingly, the Court should approve the Settlement as to the

3  Collective.

4      **A.**    **The Court should conditionally certify the Class.**

5      A class may be certified under Rule 23 if (1) the class is so numerous that joinder

6  of all members individually is "impracticable"; (2) questions of law or fact are common

7  to the class; (3) the claims or defenses of the class representative are typical of the

8  claims or defenses of the class; and (4) the person representing the class is able to fairly

9  and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a).

10  Furthermore, Rule 23(b)(3) provides that a class action seeking monetary relief may

11  only be maintained if "the court finds that the questions of law or fact common to class

12  members predominate over any questions affecting only individual members, and that

13  a class action is superior to other available methods for fairly and efficiently

14  adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Applying this standard,

15  numerous courts have certified similar classes of employees who have allegedly

16  suffered wage and hour violations under the wage and hour laws of Washington.

17  Likewise, Plaintiff contends that the Class meets all of these requirements.

18      **1.**    **The Class is numerous and ascertainable.**

19      The numerosity prerequisite demands that a class be large enough that joinder of

20  all members would be impracticable. Fed. R. Civ. P. 23(a)(1). While there is no exact

21  numerical cut-off, courts have routinely found numerosity satisfied with classes of at

Plaintiff's Motion for Preliminary Approval of Settlement – Page 15
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1   least 40 members. *See, e.g., Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D.

2   Cal. 1988); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal.

3   2006). Here, there are approximately 2,151 putative Class Members, which far exceeds

4   the standard "40 class member" minimum for numerosity purposes, and such a number

5   would render joinder impracticable. (Cottrell Decl., ¶ 41). The Class Members are

6   readily identifiable from Defendants' payroll and personnel records. (*Id.*)

7                       **2.      Plaintiff's claims raise common issues of fact or law.**

8        The commonality requirement of Rule 23(a)(2) "is met if there is at least one

9   common question or law or fact." *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 467

10  (E.D. Pa. 2000). Rule 23(a)(2) has been construed permissively. *Hanlon*, 150 F.3d at

11  1019. Plaintiffs "need not show that every question in the case, or even a preponderance

12  of questions, is capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*,

13  737 F.3d 538, 544 (9th Cir. 2013). "[E]ven a single common question" can satisfy the

14  commonality requirement of Rule 23(a)(2). *Id.*

15       Plaintiff contends that common questions of law and fact predominate here,

16  satisfying paragraphs (a)(2) and (b)(3) of Rule 23. (Cottrell Decl., ¶ 42). Plaintiff alleges

17  that Defendants have uniform policies applicable to the Class Members. (*Id.*, ¶ 43).

18  Specifically, Plaintiff alleges that the Class Members all perform the same primary job

19  duties—providing direct patient care services. (*Id.*) Plaintiff alleges the wage and hour

20  violations are in large measure borne of Defendants' standardized policies, practices,

21  and procedures that impact these direct patient care workers in the same ways, creating

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1  pervasive issues of fact and law that are amenable to resolution on a class-wide basis.

2  (*Id.*) In particular, these Class Members are subject to the same: hiring and training

3  process; timekeeping, payroll, and compensation policies; and meal and rest period

4  policies and practices. This includes the requirement that they remain on-call during

5  their off-duty meal periods, the automatic deduction for meal periods when that practice

6  was in place, and the requirement to clock out for a meal period regardless of whether

7  one was taken. (*Id.*) Plaintiff's other derivative claims will rise or fall with the primary

8  claims. (*Id.*) Because these questions can be resolved at the same juncture, Plaintiff

9  contends the commonality requirement is satisfied for the Class. (*Id.*)

10      With regards to the FLSA Collective Action, there is little question that these 314

11  Collective members are also "similarly situated" as that term has been interpreted by

12  copious case law. *See, e.g., Bazzell v. Body Contour Center, LLC*, 2016 WL 3655274,

13  at *6 (W.D. Wash. July 8, 2016) (finding hourly paid employees "similarly situated"

14  and conditionally certifying collective with overtime claims across 12 states); *Khadera*

15  *v. ABM Indust., Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010) (certifying

16  collective of employees who worked for employer at various locations); *Hoffman v.*

17  *Securitas Sec. Servs.*, 2008 WL 5054684, at *2 (D. Idaho Aug. 27, 2008) (conditionally

18  certifying collective of employees who worked "on an hourly basis, in several job

19  classifications, and at different locations" and who were subjected to same employer

20  policies).

21

Plaintiff's Motion for Preliminary Approval of Settlement
– Page 17
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1   The parties agree, for settlement purposes, that these 314 Collective Members are

2   "similarly situated," and indeed each of these workers have similar job duties, patient

3   care responsibilities, each is a non-exempt, patient care hourly worker, and they are all

4   subject to substantially similar meal break, rest break, and timekeeping policies and

5   practices. (Cottrell Decl., ¶ 40; Settlement, ¶ II.D). Because Defendants maintain

6   various common policies and practices as to its meal break requirements as well as what

7   work they compensate and what time they do not compensate, and apply these policies

8   and practices to the Class and Collective Members, Plaintiff contends that there are no

9   individual defenses available to Defendants. (Cottrell Decl., ¶ 44).

10          **3.      Plaintiff's claims are typical of the claims of the Class.**

11  "Rule 23(a)(3) requires that the claims of the named parties be typical of the

12  claims of the members of the class." *Fry*, 198 F.R.D. at 468. "Under the rule's

13  permissive standards, a representative's claims are 'typical' if they are reasonably

14  coextensive with those of absent class members; they need not be substantially

15  identical." *Hanlon*, 150 F.3d at 1020. Here, Plaintiff contends that her claims are typical

16  of those of all other Class Members. (Cottrell Decl., ¶ 45). The Class Members were

17  subject to the alleged illegal policies and practices that form the basis of the claims

18  asserted by Plaintiff in this case. (*Id*., ¶ 46). Interviews with Class Members and review

19  of timekeeping and payroll data confirm that these non-exempt patient care employees

20  were subjected to the same alleged illegal policies and practices to which Plaintiff

21

Plaintiff's Motion for Preliminary Approval of Settlement – Page 18
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1    alleges she was subjected. (*Id*.) Thus, Plaintiff contends the typicality requirement is

2    also satisfied. (*Id*.)

3    ### 4.    Plaintiff and Class Counsel will adequately represent the Class.

4    To meet the adequacy of representation requirement in Rule 23(a)(4), Plaintiff

5    must show: "(1) that the putative named plaintiff has the ability and the incentive to

6    represent the claims of the class vigorously; (2) that he or she has obtained adequate

7    counsel, and (3) that there is no conflict between the individual's claims and those

8    asserted on behalf of the class." *Fry*, 198 F.R.D. at 469. Plaintiff's claims are in line

9    with the claims of the Class, and Plaintiff's claims are not antagonistic to the claims of

10   Class Members. (Cottrell Decl., ¶ 47). Plaintiff has prosecuted this case with the

11   interests of the Class Members in mind. (*Id*.) Moreover, Class Counsel has extensive

12   experience in class action and employment litigation, including wage and hour class

13   actions, and do not have any conflict with the Class. (*Id*., ¶¶ 5-7, 48;  Declaration of

14   Beth Terrel, ¶¶ 2-8).

15   ### 5.    The Rule 23(b)(3) requirements for class certification are also met.

16   Under Rule 23(b)(3), Plaintiff must demonstrate that common questions

17   "predominate over any questions affecting only individual members" and that a class

18   action is "superior to other available methods for fairly and efficiently adjudicating the

19   controversy." Fed. R. Civ. P. 23(b)(3). "The predominance analysis under Rule 23(b)(3)

20   focuses on 'the relationship between the common and individual issues' in the case and

21

**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wang*, 737 F.3d at 545.

Here, Plaintiff contends the common questions raised in this action predominate over any individualized questions concerning the Class. (Cottrell Decl., ¶ 49). Specifically, there are several predominant common questions of law and fact, namely: (a) whether Defendants failed to pay regular and overtime wages to non-exempt patient care workers during on-duty, unpaid meal breaks; (b) whether Defendants implemented a rounding policy that systematically and regularly rounds employees' recorded work time down in a non-neutral manner, resulting in underpayment of regular and overtime wages; and (c) whether patient care workers were forced to work off-the-clock before and after their shifts by the policies of Defendants. (*Id.*)

Further, Plaintiff contends the class action mechanism is a superior method of adjudication compared to a multitude of individual suits. *(Id.,* ¶ 50). To determine whether the class approach is superior, courts are to consider: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

Here, the Class Members would not have a strong interest in controlling their individual claims. The action involves thousands of workers with very similar, but

relatively small, claims for monetary injury. (*Id*.) If the Class Members proceeded on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class Member would have to personally participate in the litigation effort to an extent that would never be required in a class proceeding. (*Id*.) Thus, Plaintiff contends the class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation. (*Id*.)

The issues raised by the present case are much better handled collectively by way of a settlement. Manageability is not a concern in the settlement context. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997). The Settlement presented by the parties provides finality, ensures that workers receive substantial redress for their claims, and avoids clogging the legal system with numerous cases. Accordingly, class treatment is efficient and warranted, and the Court should conditionally certify the Class for settlement purposes.

**B.    The proposed Settlement is fair, reasonable, and adequate.**

In deciding whether to approve a proposed class or collective settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Lynn's Food Stores*, 679 F.2d at 1354-55; *Otey*, 2015 WL 6091741, at *4. Included in this analysis are considerations of: (1) the strength of the plaintiffs' case;

Plaintiff's Motion for Preliminary Approval of Settlement – Page 21
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1  (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk

2  of maintaining class action status throughout the trial; (4) the amount offered in

3  settlement; (5) the extent of discovery completed and the stage of the proceedings; (6)

4  the experience and views of counsel; (7) the presence of a governmental participant;

5  and (8) the reaction of the class members to the proposed settlement. *Churchill Village,*

6  *LLC. v. Gen. Elec*., 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026).

7      Importantly, courts apply a presumption of fairness "if the settlement is

8  recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory*

9  *Specialists*, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong

10  judicial policy that favors settlements, particularly where complex class action litigation

11  is concerned." *In re Syncor ERISA Litig*., 516 F.3d 1095, 1101 (9th Cir. 2008). In light

12  of these factors, the proposed settlement is fair, reasonable, and adequate under both

13  Rule 23 and the FLSA approval standards.

14        **1.    The Settlement is the product of informed, non-collusive, and arm's-length negotiations between experienced counsel.**

15      Courts routinely presume a settlement is fair where it is reached through arm's-

16  length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14.

17  Furthermore, where counsel are well-qualified to represent the proposed class and

18  collective in a settlement based on their extensive class and collective action experience

19  and familiarity with the strengths and weaknesses of the action, courts find this factor

20  to support a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson*

21

1  *Merchandisers, LP*, 2010 WL 1946784, at \*8 (C.D. Cal. May 11, 2010) ("Counsel's

2  opinion is accorded considerable weight.").

3      Here, the settlement was a product of non-collusive, arm's-length negotiations.

4  (Cottrell Decl., ¶ 66). The parties participated in two all-day mediations with Lou

5  Peterson, who is a skilled and experienced mediator. (*Id*.) The parties then spent several

6  months continuing settlement negotiations, with several rounds of revisions and

7  proposals related to the terms and details of the Settlement. *(Id.)* Plaintiff is represented

8  by experienced and respected litigators of representative wage and hour actions, and

9  these attorneys feel strongly that the proposed Settlement achieves an excellent result

10  for the Class Members. (*Id*., ¶¶ 5-7, 67).

11  ## 2.    The terms of the Settlement are fair, reasonable, and adequate.

12      In evaluating the fairness of a proposed settlement, courts compare the settlement

13  amount with the estimated maximum damages recoverable in a successful litigation. *In*

14  *re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 459 (9th Cir.2000). Courts routinely

15  approve settlements that provide a fraction of the maximum potential recovery. *See,*

16  *e.g., Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc*., 2016 WL

17  5907869, at \*7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which

18  represented 8.1% of the total verdict value).

19      A review of the Settlement Agreement reveals the fairness, reasonableness, and

20  adequacy of its terms. The Gross Settlement Amount of $4,400,000.00 represents

21  approximately 9.7% of the approximate $45,230,611.00 that Plaintiff calculated for

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1  Defendant's total potential exposure. (Cottrell Decl., ¶ 51). These figures are based on

2  Plaintiff's assessment of a best-case-scenario. (*Id.*, ¶ 52). To have obtained such a result

3  at trial(s), Plaintiff would have had to prove that each of the Class Members worked

4  off-the-clock, that Class Members were on-call during each of their meal periods and

5  thus denied duty free and uninterrupted meal breaks, and that Defendants acted

6  knowingly or in bad faith. (*Id.*) These figures would of course be disputed and hotly

7  contested. The result is well within the reasonable standard when considering the

8  difficulty and risks presented by pursuing further litigation. The final settlement amount

9  takes into account the substantial risks inherent in any class action wage-and-hour case,

10  as well as the procedural posture of the Action and the specific defenses asserted by

11  Defendants. (*Id.*, ¶ 53)*; see Officers for Justice*, 688 F.2d at 623.

12      Accordingly, the terms of the Settlement are fair, reasonable, and adequate.

### 3.      The parties have agreed to distribute settlement proceeds tailored to the Class and their respective claims.

14      In an effort to ensure fairness, the parties have agreed to allocate the settlement

15  proceeds amongst Class Members in a manner that recognizes that amount of time that

16  the particular Class or Collective Member worked for Defendants in the applicable

17  limitations period. (Cottrell Decl., ¶ 54). The allocation method is based on the number

18  of workweeks a Class or Collective Member was employed. (*Id*.; Settlement, ¶ III.C.2).

19      Each workweek worked by a Class Member is equal to four settlement shares. ().

20  To reflect the increased value of claims under the FLSA, Collective Members will

21  receive one additional settlement share per workweek worked during the Collective

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Period. (Settlement, ¶ III.C.2). That is, for Collective Members, workweeks worked during the Collective Period will equal five settlement shares instead of four. (*Id.*) The total number of settlement shares for all Class and Collective Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. (*Id.*) That figure will then be multiplied by each Class and Collective Member's number of settlement shares to determine the Class and Collective Member's *pro rata* portion of the Net Settlement Amount. (*Id.*)

The allocation was made to ensure that employees are compensated fairly and in the most equitable manner. (*Id.*, ¶ 55). A class action settlement need not benefit all class members equally. *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983); *In re AT & T Mobility Wireless Data Services Sales Tax Litigation*, 789 F. Supp. 2d 935, 979–80 (N.D. Ill. 2011). Rather, although disparities in the treatment of class and collective members may raise an inference of unfairness and/or inadequate representation, this inference can be rebutted by showing that the unequal allocations are based on legitimate considerations. *Holmes*, 706 F.2d at 1148; *In re AT & T*, 789 F.Supp.2d at 979–80. Plaintiff provides rational and legitimate bases for the allocation method here, and the parties submit that it should be approved by the Court.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1

2

**4. The extensive formal and informal discovery and mediation process enabled the parties to make informed decisions regarding the Settlement.**

3    The amount of discovery completed prior to reaching a settlement is important

4  because it bears on whether the parties and the Court have sufficient information before

5  them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp*., 485 F. Supp.

6  610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp*., 2008 WL 4196690, at *6

7  (E.D. Cal. Sept. 11, 2008). Informal discovery may also assist parties with "form[ing]

8  a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy*

9  *Stores*, L.P., 291 F.R.D. 443, 454 (E.D. Cal. 2013).

10    The parties engaged in extensive formal and informal discovery enabling both

11  sides to assess the claims and potential defenses in this action. (Cottrell Decl., ¶ 56).

12  Plaintiff served three sets of discovery on Defendants, to which Defendants responded

13  and produced 8,124 pages of documents including Plaintiff's personnel records, policy

14  documents, time and pay records, administrative records, notes, and schedules. (*Id*., ¶¶

15  15-17). Plaintiff deposed three of Defendants' managers and directors and Defendants'

16  30(b)(6) representative. (*Id*.) Defendants served one set of discovery on Plaintiff, to

17  which Plaintiff responded. (*Id*.) Defendants also served of discovery on four Opt-In

18  Plaintiffs, to which Opt-In Plaintiffs objected and responded. (*Id*.) From this extensive

19  discovery, the parties were able to accurately assess the legal and factual issues that

20  would arise if the case proceeded to trial(s). (*Id*., ¶ 56).

21

Plaintiff's Motion for Preliminary Approval of Settlement – Page 26
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

In addition, in reaching this Settlement, Class Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. *(Id.,* ¶¶ 5-7, 57). Class Counsel's liability and damages evaluation was premised on a careful and extensive analysis of the effects of Defendants' compensation policies and practices on Class Members' pay. *(Id.,* ¶ 58). Ultimately, facilitated by the mediator, the parties used this information and discovery to fairly resolve the litigation. *(Id.,* ¶ 59).

Thus, the parties engaged in adequate discovery to reach a fair settlement.

### 5.     Litigating the Action would not only delay recovery, but would be expensive, time-consuming, and involve substantial risk.

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. If the Action were to go to trial as a class and collective action (which Defendants would vigorously oppose if this Settlement were not approved), Class Counsel estimates that fees and costs would increase significantly. *(Id.,* ¶ 60). Litigating the class and collective action claims would require substantial additional preparation and discovery. (*Id.*) It would require significant briefing and motion practice on class and collective certification, expert reports and discovery, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence. (*Id.*)

Recovery of the damages and penalties previously referenced would also require complete success and certification of all of Plaintiff's claims, an uncertain feat in light

Plaintiff's Motion for Preliminary Approval of Settlement – Page 27
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1  of developments in wage and hour and class and collective action law as well as the

2  legal and factual grounds that Defendants have asserted to defend this action. (*Id.,* ¶

3  61).

4      Off-the-clock claims can be difficult to certify for class treatment, given that the

5  nature, cause, and amount of the off-the-clock work may vary based on the

6  individualized circumstances of the worker *See, e.g., Kilbourne v. Coca-Cola Co*., 2015

7  WL 5117080, at \*14 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp*., 2011 WL

8  8199987, at \*30 (C.D. Cal. Nov. 23, 2011).

9      While Plaintiff is confident that she would establish that common policies and

10  practices give rise to the off-the-clock work for the patient care staff at issue here,

11  Plaintiff acknowledged that such off-the-clock work was performed at various different

12  departments across the hospital, each with its own supervisors and management staff.

13  (Cottrell Decl., ¶ 62). With those considerations in mind, Plaintiff recognized that

14  obtaining class certification would present an obstacle, with the risk that the Class

15  Members could only pursue individual actions in the event that certification was denied.

16  (*Id.*) Certification of off-the-clock work claims is complicated by the lack of

17  documentary evidence and reliance on employee testimony, and Plaintiff would likely

18  face motions for decertification as the case progressed. (*Id.*)

19      Even if the Class were certified, the claims at issue here are largely predicated on

20  the question of whether patient care staff were on-call during their off-duty meal

21  periods. (*Id.*, ¶ 63); *Pellino v. Brink's, Inc.,* 164 Wash. App. 668, 694 (Wash. App.

Plaintiff's Motion for Preliminary Approval of Settlement – Page 28
Case No. 4:19-cv-5049-MKD

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1   2011) A finding that they were not on-call would substantially reduce the value of the

2   claims. (Cottrell Decl., ¶ 63).

3       While Plaintiff is confident that she would certify the meal break claims, and

4   succeed on liability, Plaintiff recognized that doing so would present a substantial

5   obstacle, with the risk that the patient care staff might only be able pursue individual

6   actions in the event that certification was denied. (*Id., ¶* 64).

7       In contrast to litigating this suit, resolving this case by means of the Settlement

8   will yield a prompt, certain, and very substantial recovery for the Class Members. (*Id.,*

9   ¶ 65). Such a result will benefit the parties and the court system. (*Id.*) It will bring

10  finality to extensive litigation, and will foreclose the possibility of expanding litigation.

11  (*Id.*)

12  **C.    The Class Representative Service Payment is reasonable.**

13      Named plaintiffs in class action litigation are eligible for reasonable service

14  awards. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Plaintiff Kurtz's

15  Service Payment of up to $15,000.00 is intended to compensate her for the critical role

16  she played in this case, and the time, effort, and risks undertaken in helping secure the

17  result obtained on behalf of the Class Members, as well as her agreement to a broader,

18  general release. (Cottrell Decl., ¶ 68).

19      Throughout this litigation, Plaintiff worked with Class Counsel and assisted in the

20  development of the case. (*Id.*, ¶ 69). She provided extensive information and documents

21  during Class Counsel's initial investigation and preparation of the complaints,

Plaintiff's Motion for Preliminary Approval of Settlement – Page 29
Case No. 4:19-cv-5049-MKD

1    responded to discovery, was deposed for a full day, and provided valuable insight into

2    Defendants' operations. (*Id.*) She also remained apprised of the case throughout the

3    litigation. (*Id.*)

4        In agreeing to serve as Class and Collective representative, Plaintiff formally

5    agreed to accept the responsibilities of representing the interests of all Class Members

6    and the risks of having her name associated with a wage and hour class action. (*Id.*, ¶

7    70). Defendants do not oppose the requested payment to Plaintiff as a reasonable service

8    award. (*Id.*, ¶ 71; Settlement, ¶ III.B.1).

9        Moreover, the service payment is fair when compared to the payments approved

10   in similar cases. *See, e.g., Bickerton v. Hyatt Corp.*, 2023 U.S. Dist. LEXIS 75597, at

11   *4 (W.D. Wash. May 1, 2023);*Ikuseghan v. MultiCare Health Sys.,* 2016 U.S. Dist.

12   LEXIS 109417, at *3 (W.D. Wash. Aug. 16, 2016)  (both approving $15,000 service

13   award for class representatives).

14       **D.    The requested attorneys' fees and costs are reasonable.**

15       In Plaintiff's fee motion to be submitted with the final approval papers, Class

16   Counsel will request one-third of the Gross Settlement Amount, or $1,466,666.67, plus

17   reimbursement of costs not to exceed $32,000.00, which Defendants do not oppose.

18   (Cottrell Decl., ¶ 72; Settlement, ¶ III.B.2). Class Counsel  will provide the lodestar

19   information for Schneider Wallace Cottrell Konecky LLP and Terrell Marshall Law

20   Group PLLC with the fee motion. As of the date of this Motion, Class Counsel's

21   lodestar already exceeds $2,000,000.00. (Cottrell Decl., ¶ 72). On this basis, the

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1  requested attorneys' fees award of one-third of the Gross Settlement Amount is

2  reasonable. *See, e.g., Vizcaino v. Microsoft Corp*., 290 F. 3d 1043, 1050-51 (9th Cir.

3  2002) ("Calculation of the lodestar, which measures the lawyers' investment of time in

4  the litigation, provides a check on the reasonableness of the percentage award").

5       The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to one-

6  third of the total settlement value, with 25% considered the "benchmark." *See*

7  *Randall v. Integrated Commc'n Serv*., 2023 U.S. Dist. LEXIS 157658, at \*15 (W.D.

8  Wash. Sep. 6, 2023) (citing *In re Bluetooth Headset Prod. Liab. Litig*., 654 F.3d 935,

9  942 (9th Cir. 2011); *Six (6) Mexican Workers* v. *Ariz. Citrus Growers*, 904 F.2d 1301,

10  1311 (9th Cir.1990)). 'In cases where recovery is uncertain, an award of one-third of

11  the common fund as attorneys' fees has been found to be appropriate.'" *See Etcheverry*

12  *v. Franciscan Health System,* No. 3:19-cv-05261-RJB-MAT, ECF 84 (W.D. Wash. Oct.

13  19, 2021) (approving award of one-third of common fund); *Demmings v. Clean*

14  *Harbors Envtl. Servs*., 2017 U.S. Dist. LEXIS 145078, at \*5 (W.D. Wash. Sep. 7, 2017)

15  (same).

16       Indeed, the risk of costly litigation and trial is an important factor in determining

17  the fee award. *Chemical Bank v. City of Seattle (In re Washington Pub. Power Supply*

18  *Sys. Sec. Litig.)*, 19 F.3d 1291, 1299-1301 (9th Cir. 1994)). When considering the risks

19  posed in litigation, "the risk of loss in a particular case is a product of two factors: (1)

20  the legal and factual merits of the claim, and (2) the difficulty of establishing those

21  merits." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1    In this case, given the excellent results achieved, the effort expended on formal

2  and informal discovery, motions practice, extensive mediated settlement negotiations,

3  and the risks and difficulties attendant to litigating this hybrid cCass and Collective

4  case, an upward adjustment from the benchmark is warranted.

5    Class Counsel expended significant time and resources litigating this action.

6  Plaintiff conducted extensive investigation of the facts. Plaintiff served three sets of

7  discovery on Defendants, to which Defendants responded, including producing over

8  8,000 documents. (*Id.*, ¶¶ 15-17). Plaintiff deposed three of Defendants' managers and

9  directors, as well as Defendants' 30(b)(6) representative. (*Id.*) Defendants served

10  discovery on Plaintiff, and four Opt-Ins, to which Plaintiff responded. (*Id.*) Class

11  Counsel also interviewed over 100 Class and Collective Members regarding their

12  experience and the claims at issue. (*Id.*, ¶ 14).

13    The parties also litigated numerous motions, including: (1) a Motion for 216(b)

14  Conditional Certification; (2) a Motion for Joinder under Fed. R. Civ. P. 20; (3) motions

15  to compel discovery; (4) a Motion for Leave to Take a Further 30(b)(6) Deposition; (5)

16  a Motion to Dismiss; (6) motions to stay; (7) motions for leave to amend; and (8) a

17  Motion to Strike the Proposed Notice Plan. (*Id.*, ¶ 73).

18    As noted above, Class Counsel achieved great results in the face of difficult odds.

19  (*Id.*, ¶ 74). The $4,400,000.00 Settlement provides for an average per worker recovery

20  of $2,047, a significant and impactful recovery for these workers. (*Id.*)

21

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1    Additionally, there was no guarantee of compensation or reimbursement. (*Id.*, ¶

2    75). Rather, Counsel undertook all the risks of this litigation on a completely contingent

3    fee basis. (*Id.*) These risks were front and center. (*Id.*) Nevertheless, Plaintiff and her

4    Counsel committed themselves to developing and pressing Plaintiff's legal claims to

5    enforce the employees' rights and maximize the Class and Collective recovery. (*Id.*).

6    The challenges that Class Counsel had to confront and the risks they had to fully absorb

7    on behalf of the Class and Collective here are precisely the reasons for multipliers in

8    contingency fee cases. *See, e.g., Noyes v. Kelly Servs., Inc.*, 2008 WL 3154681 (E.D.

9    Cal. Aug. 4, 2008); Posner, Economic Analysis of the Law, 534, 567 (4th ed. 1992) ("A

10   contingent fee must be higher than a fee for the same legal services paid as they are

11   performed . . . because the risk of default (the loss of the case, which cancels the debt

12   of the client to the lawyer) is much higher than that of conventional loans.").

13   Attorneys who litigate on a wholly or partially contingent basis expect to receive

14   significantly higher effective hourly rates in cases where compensation is contingent on

15   success, particularly in hard-fought cases where, like in the case at bar, the result is

16   uncertain. *See Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). Adjusting court-

17   awarded fees upward in contingent fee cases to reflect the risk of recovering no

18   compensation whatsoever for hundreds of hours of labor simply makes those fee awards

19   consistent with the legal marketplace, and in so doing, helps to ensure that meritorious

20   cases will be brought to enforce important public interest policies and that clients who

21   have meritorious claims will be better able to obtain qualified counsel.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1    *St. Paul Fire & Marine Ins. Co. v. Hebert Constr., Inc.,* 2007 U.S. Dist. LEXIS 11616,

2    at *17 (W.D. Wash. Feb. 15, 2007); *see also Ethridge v. Hwang*, 105 Wash. App. 447,

3    461-62 (Wash. App. 2001).

4        For these reasons, Class Counsel respectfully submits that a one-third recovery

5    for fees is appropriate. (Cottrell Decl., ¶ 76). Class Counsel also requests reimbursement

6    for their litigation costs in the amount no more than $32,000.00. (*Id*.) Class Counsel's

7    efforts resulted in an excellent settlement, and the fee and costs award should be

8    preliminarily approved as fair and reasonable. (*Id*.)

9    **E.     The Proposed Notice and Claims Form are the Best Practicable Under**

10   **the Circumstances.**

11       The Court must ensure that Class Members receive the best notice practicable

12   under the circumstances of the case. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797,

13   811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974). Procedural

14   due process does not guarantee any particular procedure but rather requires only notice

15   reasonably calculated "to apprise interested parties of the pendency of the action and

16   afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank*

17   *& Trust Co*., 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir.

18   1994). A settlement notice "is satisfactory if it 'generally describes the terms of the

19   settlement in sufficient detail to alert those with adverse viewpoints to investigate and

20   to come forward and be heard.'" *Churchill Village LLC*, 361 F.3d at 575.

21

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

The Notice of Settlement, attached as **Exhibit A** to the Settlement Agreement, and manner of distribution negotiated and agreed upon by the parties are "the best notice practicable." Fed. R. Civ. P. 23(c)(2)(B). Each of the Class Members has been identified and the Notice of Settlement will be mailed directly to each Class Member, and emailed to those for whom Defendants have an email address. (Settlement, ¶ III.E.2). The proposed Notice is clear and straightforward, and provides information on the nature of the action and the proposed Class and Collective, the terms and provisions of the Settlement Agreement, and the monetary awards that the Settlement will provide Class Members. (*Id.*, Ex. A). In addition, the Settlement Administrator will provide a settlement website that provides a generic form of the Notice, the Settlement Agreement, and other case related documents and contact information. (*See* Settlement , ¶ III.D).

The proposed Notice fulfills the requirement of neutrality in class notices. *See* Conte, Newberg on Class Actions, § 8.39 (3rd Ed. 1992). It summarizes the proceedings necessary to provide context for the Settlement Agreement and summarizes the terms and conditions of the Settlement, including an explanation of how the settlement amount will be allocated between the Named Plaintiff, Class Counsel, the Settlement Administrator, and the Class and Collective Members, in an informative, coherent and easy-to-understand manner, all in compliance with the Manual for Complex Litigation's recommendation that "the notice contain a clear, accurate description of the terms of

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1  the settlement." Manual for Complex Litigation, Settlement Notice, § 21.312 (4th ed.

2  2004).

3        The Notice clearly explains the procedures and deadlines for requesting exclusion

4  from the Settlement, objecting to the Settlement, disputing workweeks, the

5  consequences of taking or foregoing the various options available to Class Members,

6  and the date, time, and place of the Final Approval Hearing. (Settlement, Ex. A).

7  Pursuant to Rule 23(h), the proposed Notice of Settlement also sets forth the amount of

8  attorneys' fees and costs sought by Plaintiff, as well as an explanation of the procedure

9  by which Class Counsel will apply for them. (*Id*.) The Notice of Settlement clearly

10 states that the Settlement does not constitute an admission of liability by Defendants.

11 (*Id*.) The Notice makes clear that the final settlement approval decision has yet to be

12 made. (*Id*.). Accordingly, the Notice of Settlement complies with the standards of

13 fairness, completeness, and neutrality required of a settlement class notice disseminated

14 under authority of the Court. *See* Conte, Newberg on Class Actions, §§ 8.21 and 8.39

15 (3rd Ed. 1992); Manual for Complex Litigation, Certification Notice, § 21.311;

16 Settlement Notice, § 21.312 (4th ed. 2004).

17       Furthermore, reasonable steps will be taken to ensure that all Class Members

18 receive the Notice. (Settlement, ¶ III.E.2). Before mailing, Defendants will provide to

19 the Settlement Administrator a database that contains for each Class Member, his or her

20 name; last-known mailing address; Social Security number; his or her employee

21 identification number; his or her email address (if known); his or her dates of

Plaintiff's Motion for Preliminary Approval of Settlement – Page 36
Case No. 4:19-cv-5049-MKD

**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

employment and/or number of workweeks worked during the Class Period as a Class Member and number of workweeks worked during the FLSA Collective Period as a FLSA Collective Member. (Settlement, ¶ III.E.2.a). The Notice of Settlement will be sent by first-class regular United States Mail, and also via email to the maximum extent possible. (Settlement, ¶ III.E.2.b). If a Class Notice is returned, the Settlement Administrator will promptly and no longer than ten days from receipt, search for a current address and remail the Notice. (Settlement, ¶ III.E.2.c).  Within 14 days of receipt of the Class Data from Defendants, the Settlement Administrator will mail the Notices of Settlement to each Class Member. (Settlement, ¶ III.E.2.b,).

Class Members will have 30 days from the mailing of the Notice of Settlement to object to the Settlement, dispute workweeks, or request exclusion. (Settlement, ¶ III.E.3). If more than 10% of the Class Members timely submit valid Requests for Exclusion, Defendants will have the right, but not the obligation, to void the Settlement. (Settlement, ¶ III.E.4). Any Class Member who does not submit a timely request to exclude themselves from the Settlement will be deemed a Participating Class Member. (Settlement, ¶ I.Y). Administration of the Settlement will follow upon the occurrence of the Effective Date of the Settlement. (Settlement, ¶ III.E.9).

Because the proposed Notice of Settlement clearly and concisely describes the terms of the Settlement and the awards and obligations for Class Members who participate, and because the Notices will be disseminated in a way calculated to provide

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

notice to as many Class Members as possible, the Notices of Settlement should be preliminarily approved.

**B.     The Court should approve the proposed schedule.**

The Settlement Agreement contains the following proposed schedule, which Plaintiff respectfully requests this Court approve:

| | |
|---|---|
| Date of preliminary approval of the Settlement as to Classes and approval of the Settlement as to the Collective | TBD |
| Deadline for Defendants to provide Phoenix with the Class and Collective Data (Settlement, ¶ III.E.2.a) | No later than 21 days after preliminary approval. |
| Deadline for Phoenix to mail the Class and Collective Notice Packet to Class Members (Settlement, ¶ III.E.2.b) | No later than 14 days after receiving the Class and Collective Data. |
| Deadline for Phoenix to search for current address and remail Notice Packet (Settlement, ¶ III.E.2.c) | Not longer than ten days from receipt of a returned Notice Packet. |
| Deadline for Class Members to postmark objections to the settlement, disputes as to workweeks, and requests for exclusion (Settlement, ¶ III.E.3) | No later than 30 days after the Settlement Administrator mails the Notice Packet. |
| Deadline for Phoenix to provide the parties with a list of all Participating Class Members, Opt-In Plaintiffs, and Non-Participating Class Members (Settlement, ¶ III.E.3.d) | Not later than ten days after the deadline for objections, disputes, and requests for exclusion. |

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

| Deadline for Phoenix to provide the parties a Declaration of Due Diligence (Settlement, ¶ III.E.2.e) | Not later than ten days before the date by which Plaintiff files the Motion for Final Approval. |
|---|---|
| Final Approval Hearing (Settlement, ¶ III.E.6) | Plaintiff requests the Court schedule the Final Approval Hearing no earlier than 30 days after the deadline for objections, disputes, and requests for exclusion. Plaintiff estimates this to be approximately 4 months from the order granting preliminary approval. |

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant preliminary approval of the Settlement Agreement as to the Settlement Class, in accordance with the schedule set forth herein.

Date: October 30, 2023                    Respectfully Submitted,

*/s/ Ori Edelstein*
Carolyn H. Cottrell (*Pro Hac Vice*)
California Bar No. 166977
ccottrell@schneiderwallace.com
Ori Edelstein (*Pro Hac Vice*)
California Bar No. 268145
oedelstein@schneiderwallace.com
Eugene Zinovyev (*Pro Hac Vice*)
California Bar No. 267245
ezinovyev@schneiderwallace.com
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Fax: (415) 421-7105
*Attorneys for Plaintiff*

Beth E. Terrell, WSBA #26759
bterrell@terrellmarshall.com
Toby J. Marshall, WSBA #32726
tmarshall@terrellmarshall.com
**TERRELL MARSHALL**
**LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Tel: (206) 816-6603
Fax: (206) 319-5450

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Ori Edelstein*
Ori Edelstein

Plaintiff's Motion for Preliminary Approval of Settlement
– Page 40
Case No. 4:19-cv-5049-MKD

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105